A. ROSE & COMPANY *v.* MRS. J. SCHLESSINGER.

[63 South. 276.]

HUSBAND AND WIFE.   *Agents.   Sufficiency of evidence.*

Where a husband while in business for himself contracted a debt
with a merchant and pledged certain goods as security and after
failing in business conducted business for his wife and while
so managing her business gave the merchant certain checks
to redeem the goods, which went into the wife's business, and
also contracted for the wife another debt with the same party
and on being sued for the last debt the wife defended on the
ground that her husband had no authority to apply her checks
to his debt, but that the same should be applied to her own
account, it was error in such case to give a peremptory instruc-
tion for the wife as the evidence was sufficient to put her upon
proof.

APPEAL from the circuit court of Warren county.
HON. H. C. MOUNGER, Judge.

Suit by A. Rose & Company against Mrs. J. Schles-
singer.   From a judgment for defendant, plaintiff ap-
peals.

The facts are fully stated in the opinion of the court.

*Brunini & Hirsch,* attorneys for appellant.

*McLaurin, Arimstead & Brien,* attorneys for appellee.

REED, J., delivered the opinion of the court.

William Schlessinger was engaged in business in the
city of Vicksburg.   On June 2, 1910, he was adjudged a
bankrupt.   Before that time he became indebted to A.
Rose & Co., wholesale dealers in Vicksburg.   The balance
owing on the account was four hundred and seventy-
seven dollars and eighty-nine cents.   Prior to the bank-
ruptcy he delivered to Rose & Co. a lot of shoes, the
value of which amounted to more than the account.   These

shoes were delivered and accepted as a pledge or security for the payment of the account.

At the bankrupt sale, the stock of goods of the business of William Schlessinger was purchased in the name of J. Schlessinger, his wife. The business was thereafter continued in her name, with William Schlessinger as manager. Before the bankruptcy, the business was in the name of William Schlessinger, the husband. After the bankruptcy, it was in the name of J. Schlessinger, the wife. William Schlessinger was manager all the while. He bought goods from and dealt with Rose & Co., when the business was in his name, and also when it was in his wife's name.

After the bankruptcy sale, and while the business was in the name of J. Schlessinger, checks were taken by William Schlessinger to Rose & Co. for various amounts, usually fifty or sixty dollars, and a part of the pledged goods, not less in value than the amount paid, would be turned over to him. The checks were signed in the name of J. Schlessinger, and the goods were taken into the business conducted in her name. This continued till the full amount of four hundred and seventy-seven dollars and eighty-nine cents was paid and all of the pledged goods were returned.

A. Rose & Co. on September 20, 1911, brought suit against J. Schlessinger to recover the balance due on account for goods sold and delivered after the bankruptcy. The purchases totaled thirteen hundred and thirty-seven dollars and forty-five cents, and were credited with payments aggregating nine hundred and fourteen dollars and twenty-eight cents, leaving a balance of four hundred and twenty-three dollars and seventeen cents, for which judgment was demanded. J. Schlessinger defendant, claiming that William Schlessinger was not authorized to apply her checks to the payment of the amount owing by him, and an offset was filed, consisting of the payments made to release the pledged goods, four hundred and seventy-seven dollars and eighty-nine cents.

There is no affirmative testimony that J. Schlessinger authorized William Schlessinger to pay the checks and get the goods released; but it clearly appears that he was general manager for J. Schlessinger, in the business, and that when he delivered the checks he obtained thereby goods which went into the business and were for her benefit. After appellants had introduced their evidence and rested, the court sustained a motion to exclude the testimony and direct a verdict for appellee, and judgment over was rendered against appellants for fifty-four dollars and seventy-two cents and costs. We think the trial court erred. Appellant's evidence was sufficient to put appellee upon proof.

*Reversed and remanded.*